UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUTOMOTIVE INTERIOR
INNOVATIONS, LLC, a Michigan
limited liability company,

        Plaintiff/Counter-Defendant,    Case No. 2:13-cv-12542

vs.    Hon. Robert H. Cleland

MATA AHSAP VE OTOMOTIV TIC    Magistrate Judge:
SAN AS, d/b/a MATA AUTOMOTIVE,    Michael J. Hluchaniuk
a foreign entity,

        Defendant/Counter-Plaintiff.

---

| | |
|---|---|
| Randall J. Gillary (P29905) | John R. Trentacosta (P31856) |
| Kevin P. Albus (P53668) | Vanessa L. Miller (P67794) |
| RANDALL J. GILLARY, P.C. | Foley & Lardner LLP |
| 201 W. Big Beaver Rd., Ste 1020 | 500 Woodward Ave., Ste 2700 |
| Troy, MI 48084 | Detroit, MI 48226-3489 |
| (248) 528-0440 | (313) 234-7100 |
| rgillary@gillarylaw.com | jtrentacosta@foley.com |
| kalbus@gillarylaw.com | vmiller@foley.com |
| *Attorneys for Automotive Interior Innovations, LLC* | *Attorneys for Mata Automotive* |

---

## STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, applicable

E.D. Local Rules, the Court's authority, and the stipulation of the parties,

4824-0389-2759.1

**IT IS HEREBY ORDERED** that a party or a non-party (the "producing party") may designate information, documents, or things as "Confidential" under the following terms and conditions:

1. Any document, information, or thing may be designated "Confidential" if it is in good faith determined by the producing party to contain confidential or proprietary information, including information in written, oral, electronic, graphic, pictorial, audiovisual, or other form, whether it is a document, information contained in a document, item produced for inspection, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

2. A producing party may designate any document or other tangible information or thing as "Confidential" by stamping the legend "CONFIDENTIAL." For example, in the case of a paper document, a producing party may so mark the first page of a multipage document or each applicable page. In the case of other tangible items, a producing party may so mark any appropriate location. In the case of an electronic document, a producing party may append to that document a similar notation that does not alter the metadata associated with the document, or may place the mark "CONFIDENTIAL" on the outside of the medium (whether disc, hard drive, etc.) containing the document.

3. A non-producing party may also designate any document, information, or thing produced during the course of this proceeding, not already designated "Confidential," as

"Confidential" as if it were a producing party. The non-producing party shall accomplish such designation by notifying all parties in writing of the specific item so designated.

    4. A producing party may designate documents, information, or things disclosed at a deposition of a producing party or one of its present or former officers, directors, employees, agents, or independent experts retained for purposes of this proceeding as "Confidential" on the record during the deposition or by notifying all parties in writing of the specific item so designated, within five business days of receiving a copy of the deposition transcript, of the specific exhibits or lines and pages of the transcript that are "Confidential."

        a. If a producing party designates such materials as "Confidential" on the record, the court reporter shall indicate on the cover page of the transcript that the transcript includes "Confidential" information, shall list the pages and line numbers and/or exhibits of the transcript on or in which such information is contained, and shall bind the transcript in separate portions containing "Confidential" and non-Confidential material. Further, during the period in which such "Confidential" information is discussed during the deposition, any person present during the deposition who is not authorized to receive such information pursuant to paragraph 10 below shall be excluded from that portion of the deposition.

4824-0389-2759.1

  b. If, after the deposition is taken, the producing party designates any portion of the deposition transcript or exhibits as "Confidential" by giving written notice as described above, all persons receiving notice of such designation shall affix the same to the face of their copy or copies of the transcript.

  c. A non-producing party may designate documents, information, or things disclosed at a deposition as "Confidential" in the same manner as a producing party.

5. If a party producing documents inadvertently fails to mark a document as "Confidential" for which it desires such treatment, it shall so inform the party receiving the documents forthwith. The receiving party thereupon shall mark the documents "Confidential," or shall return the unmarked documents to the producing party and the producing party shall substitute properly marked documents. The receiving party's obligations under paragraphs 7-15 in connection with the discovery material encompassed by this paragraph shall commence upon notice from the producing party of the failure to properly mark or identify the discovery material.

6. The inadvertent or unintentional disclosure by a producing party supplying confidential discovery material, regardless of whether such discovery material was designated as "Confidential," shall not be deemed a waiver in whole or in part of the producing party's claim of confidentiality with respect to the discovery material

4

disclosed, provided that the producing party making such inadvertent or unintentional disclosure notifies the receiving parties forthwith of the unintentional disclosure. If discovery material is or has been disclosed that is subsequently designated as "Confidential," the disclosing party shall make every reasonable effort to preserve the "Confidential" nature of such discovery material and to obtain compliance with this Order from any person to whom such discovery material was disclosed.

7. If a producing party, at the time of disclosure, inadvertently fails to identify as "Confidential" any discovery material (including, without limitation, documents, oral, visual, or recorded information) for which it desires such treatment, and another party files the material with the Court prior to receiving notice that such material was inadvertently disclosed without the desired designation, the party who made the inadvertent disclosure shall be responsible for seeking appropriate relief from the Court.

8. Should any party object to a designation of any information, documents, or things as "Confidential," the parties and/or the producing party shall, on an expedited basis, meet and confer in a good faith attempt to reach an agreement regarding the status of the information, documents, or things. If the objection is not thereby resolved, any party may bring the dispute before the Court on an expedited basis for determination. The designating party shall have the burden of proving good cause for the entry of an order maintaining the "Confidential" designation of the information, documents, or testimony under the terms of this Stipulated Protective Order. Until the Court makes

5

such determination, or, in the event of an immediate interlocutory appeal, upon termination of such appeal, all material designated as "Confidential" shall be treated as such.

9. All information, documents, or things produced, exchanged, or inspected in the course of this proceeding shall be used solely for the purposes of this proceeding.

10. All documents, information, or things designated as "Confidential" shall be made available only to the Court and to counsel for the Parties (including the paralegal, clerical, and secretarial staff employed by such counsel in connection with the Case) and the following persons:

    a. The parties and those agents and employees that are directly involved in the prosecution or defense of this matter;

    b. experts or consultants (together with their clerical staff) retained by the respective Parties to assist in the Case;

    c. court reporter(s) employed in the Case;

    d. a witness at any deposition or other proceeding in the Case;

    e. any mediators, case evaluators, arbitrators, or other alternative dispute resolution personnel employed in this matter; and

    f. any other person with the written consent of the parties (and any affected non-party producing party) or upon order of the

Court.

11. Materials designated as "Confidential" shall not be made available to persons other than those authorized in paragraph 10 above, respectively, even if attached to or contained within otherwise non-Confidential materials, such as transcripts, memoranda, or affidavits. The "Confidential" information must be removed before the remaining materials may be made available to those other persons.

12. Information, documents, or things shall not be disclosed to a former Automotive Interior Innovations or Mata Automotive employee or to a testifying or non-testifying expert or consultant pursuant to paragraph 10 unless and until such representative, expert, or consultant has first been supplied with and has read a copy of this Order and has executed a copy of the Confidentiality Agreement attached as <u>Exhibit A</u>. Current Automotive Interior Innovations and Mata Automotive employees are not required to execute a copy of the Confidentiality Agreement, but shall be advised regarding the provisions of this Protective Order.

13. No documents, information, or things designated as "Confidential" shall be filed with the Court, including that contained in pleadings, motions, briefs, declarations, or exhibits, except in sealed envelopes. Such sealed envelopes shall bear the caption of the case and shall recite a concise, non-disclosing inventory of their contents for docketing purposes. Additionally, in the case of materials or information designated "Confidential," such sealed envelopes shall prominently bear the legend:

# CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER. TO BE OPENED ONLY BY OR AS DIRECTED BY THE COURT.

To the extent practical, only those portions of a filing with the Court that contain material designated as "Confidential" shall be filed under seal. The Court and its staff shall maintain under seal all filings so designated pending further order or direction from the Court. Provided that no "Confidential" information is disclosed, the parties may generally refer to documents designated as "Confidential" in pleadings, motions, briefs, affidavits, or exhibits filed with the Court, without the need to file such pleadings, motions, briefs, affidavits, or exhibits under seal.

14. Nothing in this Order shall preclude any party to the proceeding or their attorneys from:

    a. Showing materials designated as "Confidential" to an individual who either prepared or reviewed the document, or is shown by the document to have received the document.

    b. Disclosing or using, in any manner or for any purpose, any information, documents, or things from the party's own files that the party itself designated as "Confidential."

    c. Disclosing or using, in any manner or for any purpose,

4824-0389-2759.1

any information, document, or thing at the trial of this matter. However, if a party intends to use or offer into evidence at such trial any materials designated as "Confidential," that party shall, unless otherwise ordered by the Court, so inform the producing party in a reasonable time in advance to allow the producing party to take such steps reasonably necessary to preserve the confidentiality of such information or documents.

      d.    Redacting information from documents produced in accordance with the discovery process, including because such information is irrelevant to this action and would provide the opposing party with a business advantage over the producing party if it is produced. Nothing in this sub-section limits the opposing party from challenging such redactions before this Court.

15. If either party is served with a subpoena or similar process, from any entity whatsoever, directing that party to produce any materials designated as "Confidential" not so designated by that party, counsel for that party shall immediately give counsel for the designating party written notice of the fact of such service so that the designating party may seek a protective order or otherwise act to protect the confidentiality of the designated materials.

16. Upon written request by the producing party, after the conclusion of this action

9

including any appeals, all originals and reproductions of any materials designated as "Confidential" shall be destroyed. However, counsel for the parties may retain one complete set of pleadings and motion papers filed with the Court, and one complete copy of deposition testimony given in this action. Counsel for the receiving party shall provide written verification to the producing party that all copies of such materials produced to the receiving party have been destroyed, other than as indicated in this paragraph. Materials designated as "Confidential" that are in the custody of the Court are excepted from the terms of this paragraph.

17. If information subject to a claim of attorney-client privilege, attorney work product, or any other ground on which production of such information should not be made to a party is nevertheless inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product, or other ground for withholding production to which the producing party would otherwise be entitled. Any and all facially privileged or work product materials inadvertently produced shall be returned promptly, when discovered, in accordance with ABA Rules of Professional Conduct Formal Opinion 92-368 (1992). Any other inadvertently produced privileged materials shall be promptly returned upon the request of the producing party.

18. The terms of this Order shall remain in effect after the action and any related

appeals are concluded, except that there shall no longer be any restriction on use of materials designated as "Confidential" that are used as exhibits at trial (unless such exhibits were used under seal or protective order at trial.

       S/Robert H. Cleland
       ROBERT H. CLELAND
       UNITED STATES DISTRICT JUDGE

Dated: December 5, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, December 5, 2013, by electronic and/or ordinary mail.

       S/Lisa Wagner
       Case Manager and Deputy Clerk
       (313) 234-5522

Approved as to form and content:

/s/ *Randall J. Gillary* (with consent)
Randall J. Gillary (P29905)
Kevin P. Albus (P53668)
RANDALL J. GILLARY, P.C.
201 W. Big Beaver Rd., Ste 1020
Troy, MI 48084
(248) 528-0440
rgillary@gillarylaw.com
kalbus@gillarylaw.com
*Attorneys for Automotive Interior Innovations, LLC*

/s/ *Vanessa L. Miller*
John R. Trentacosta (P31856)
Vanessa L. Miller (P67794)
Foley & Lardner LLP
500 Woodward Ave., Ste 2700
Detroit, MI 48226-3489
(313) 234-7100
jtrentacosta@foley.com
vmiller@foley.com
*Attorneys for Mata Automotive*

4824-0389-2759.1

# EXHIBIT A

# CONFIDENTIALITY AGREEMENT

STATE OF _____   )
                                     ) ss.
COUNTY OF _____   )

I, _____, being first duly sworn, state that:

1. My address is:
   _____
   _____.

2. My present employer is _____ and the address of my employer is
   _____
   _____.

3. My present occupation is
   _____.

4. I have received a copy of the Stipulated Protective Order in the case of *Automotive Interior Innovations, LLC v. Mata Ahsap ve Otomotiv Tic San As, d/b/a Mata Automotive*, Case No. 2:13-cv-12542 in the U.S. District Court for the Eastern District of Michigan.

5. I understand that I can be held in contempt of court for violating the terms of the Stipulated Protective Order and I submit to the jurisdiction of the U.S. District Court for the Eastern District of Michigan for purposes of enforcement of the Stipulated Protective Order.

4824-0389-2759.1

6. I have carefully read and understand the provisions of the Stipulated Protective Order, and I will comply with all of its provisions.

_____

Subscribed and sworn to before me this \_\_\_ day of _____ 201\_\_\_.

_____
Notary Public
My commission expires: _____